T.C. Memo. 1999-261


UNITED STATES TAX COURT


TAE M. KIM AND YOUNG J. KIM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15447-97.                    Filed August 4, 1999.


Tae M. Kim and Young J. Kim, pro sese, and Jee H. Kim
(specially recognized), for petitioners.

Cheryl M.D. Rees and Timothy B. Heavner, for respondent.


MEMORANDUM OPINION


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
                                        (continued...)

Respondent determined deficiencies in petitioners' Federal income taxes for 1993 and 1994 in the amounts of $4,972 and $5,465, respectively, and accuracy-related penalties pursuant to section 6662(a) in the amounts of $873 and $1,093, respectively.

The issues for decision are: (1) Whether petitioners are entitled to trade or business expense deductions for 1993 and 1994 in excess of the amounts allowed and conceded by respondent; (2) whether petitioners are entitled to a medical expense deduction for 1993 in excess of the amounts allowed and conceded by respondent; and (3) whether petitioners are liable for the section 6662(a) accuracy-related penalties for 1993 and 1994.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Bowie, Maryland, on the date the petition was filed in this case. All references to petitioner in the singular are to Tae M. Kim.

Petitioner is licensed to practice professional engineering by the State of Maryland, Department of Licensing and Regulation, Board for Professional Engineers. During 1993 and 1994, petitioner operated an engineering business under the business name of Advance Design Engineering (ADE). He kept an office in petitioners' condominium unit for which respondent has allowed

---

[1](...continued)
issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

certain deductions. Petitioner wife was employed by the Federal National Mortgage Association as an analyst during 1993 and 1994.

The first issue for decision is whether petitioners are entitled to trade or business expense deductions for 1993 and 1994 in excess of the amounts allowed and conceded by respondent.

On a Schedule C attached to petitioners' 1993 return, petitioner reported gross income in the amount of $900 and claimed expenses in the total amount of $21,642.46 with respect to ADE. In the statutory notice of deficiency, respondent disallowed any deductions for the claimed expenses. After concessions by respondent, the following amounts remain in issue:

| Expense | Claimed | Concessions | In Issue |
|---------|---------|-------------|----------|
| Advertising | $420.00 | – 0 – | $420.00 |
| Car & truck | 9,504.00 | – 0 – | 9,504.00 |
| Depreciation | – 0 – | 521.85 | – 0 – |
| Insurance | 829.40 | – 0 – | 829.40 |
| Interest | – 0 – | 528.09 | – 0 – |
| Legal services | 295.00 | – 0 – | 295.00 |
| Office expense | 1,487.22 | 100.01 | 1,387.21 |
| Rent or lease of business property | 936.00 | 383.13 | 552.87 |
| Repairs | 3,200.00 | – 0 – | 3,200.00 |
| Supplies | 490.84 | 32.15 | 458.69 |
| Taxes & licenses | 280.00 | 976.89 | – 0 – |
| Travel | 1,560.00 | – 0 – | 1,560.00 |
| Meals & entertainment | 960.00 | – 0 – | 960.00 |
| Utilities | 1,680.00 | 351.67 | 1,328.33 |

In addition to the amounts claimed on the 1993 Schedule C, petitioners claimed Schedule A employee business expenses for 1993 in the total amount of $3,324, listed as follows:

Vehicle expenses          $2,408
Parking fees & tolls         382
Lodging                      120
Other business expenses       70
Meals & entertainment        344

In the statutory notice of deficiency, respondent disallowed any deduction for these expenses.  Petitioners allege that these expenses were paid for petitioner wife's activities on behalf of ADE during 1993.

On a Schedule C attached to petitioners' 1994 return, petitioner reported gross income in the amount of $4,750 and claimed expenses in the total amount of $33,748.65 with respect to ADE.  In the statutory notice of deficiency, respondent allowed deductions for $5,550 of the claimed expenses.  After concessions by the parties, the following amounts remain in issue:

| Expense | Claimed | Allowed | Concessions | In Issue |
|---|---|---|---|---|
| Advertising | $208.40 | $208.40 | - 0 - | - 0 - |
| Car & truck | 7,420.80 | - 0 - | - 0 - | 7,420.80 |
| Depreciation | 6,135.18 | - 0 - | 3,782.62 | 2,352.56 |
| Insurance | 854.30 | - 0 - | - 0 - | 854.30 |
| Interest | 4,763.73 | - 0 - | 4,529.46 | 234.27 |
| Office expense | 1,265.45 | 845.47 | - 0 - | 419.98 |
| Rent or lease of business property | 2,818.46 | 2,814.84 | 3.62 | - 0 - |
| Repairs & maintenance | 1,240.30 | - 0 - | - 0 - | 1,240.30 |
| Supplies | 250.18 | - 0 - | - 0 - | 250.18 |
| Taxes & licenses | 1,690.88 | 1,680.88 | 10.00 | - 0 - |
| Travel | 4,980.40 | - 0 - | - 0 - | 4,980.40 |
| Meals & entertainment | 1,640.12 | - 0 - | - 0 - | 1,640.12 |
| Utilities | 480.45 | - 0 - | 480.45 | - 0 - |

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in

carrying on a trade or business. An "ordinary" expense is one that relates to a transaction of "common or frequent occurrence in the type of business involved", Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a "necessary" expense is one that is "appropriate and helpful for the development of the petitioner's business", Welch v. Helvering, 290 U.S. 111, 113 (1933). Whether an expenditure is ordinary and necessary is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

We are convinced that petitioner carried on an engineering business under the business name of ADE during the taxable years in issue. We are left to decide whether petitioners have substantiated what petitioner claims to have paid for ordinary and necessary trade or business expenses during 1993 and 1994 in excess of the amounts allowed and conceded by respondent.

Taxpayers must generally keep sufficient records to establish the amounts of claimed deductions. See sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). To be entitled to a deduction under section 162(a), a taxpayer is required to substantiate his expenses through the maintenance of books and records. With certain exceptions, in the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amounts of the

expenses is of his own making.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We cannot estimate deductible expenses, however, unless the taxpayer presents evidence sufficient to provide some rational basis upon which estimates may be made.  See Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  Furthermore, section 274(d) provides that no deduction is allowable under section 162 for any traveling expenses, including meals and lodging while away from home, or for any entertainment expenses, or with respect to any listed property, defined in section 280F(d)(4) to include passenger automobiles, unless the taxpayer complies with strict substantiation rules. See sec. 274(d)(1), (2), (4).  The taxpayer must substantiate the amount, time, place, and business purpose of these expenses by adequate records or by sufficient evidence corroborating his own statement.  See sec. 274(d); sec. 1.274-5T(b) and (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985). These substantiation rules of section 274(d) supersede the Cohan doctrine.  See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Petitioners submitted various records and documents to substantiate the claimed business expenses.[2]  We will separately

---

[2]   After the trial, respondent requested that his Exhibit D in evidence be stricken from the record, and the Court informed
(continued...)

address this evidence, <u>infra</u>, as it relates to each of the claimed expenses.

## Advertising for 1993 and 1994

We find that petitioners have established that petitioner paid $403.67 for flyers, cards, envelopes, and stamps during 1993 to promote ADE. Respondent allowed the claimed advertising expense deduction for 1994. We hold that petitioners are entitled to deductions for advertising expenses for 1993 and 1994 in the amounts of $404 and $208, respectively.

## Car & Truck for 1993 and 1994

The nature of ADE's business required petitioner to travel frequently to the offices of real estate agents and to contracting sites. We find that petitioners have substantiated 28,715 business miles for 1993 and 24,520 business miles for 1994. At the business standard mileage rates of 28 and 29 cents per mile, petitioners are entitled to business mileage expenses for 1993 and 1994 of $8,040.20 and $7,110.80, respectively. See Rev. Proc. 93-51, sec. 5.01, 1993-2 C.B. 593, 594; Rev. Proc. 92-104, sec. 5.01, 1992-2 C.B. 583, 585. We also find that petitioners have substantiated petitioner's claimed expenses for tolls and parking for 1993 and 1994. We hold that petitioners

---

[2](...continued)
respondent that his request was granted.

are entitled to deductions for car and truck expenses for 1993 and 1994 in total amounts of $8,650 and $7,421, respectively.

Depreciation for 1993 and 1994

For 1993, the parties stipulated that petitioners are entitled to a deduction in the amount of $521.85 for depreciation of their condominium unit. For 1994, the parties stipulated that petitioners are entitled to a deduction in the amount of $3,726.60 for depreciation of their condominium unit. Respondent conceded at trial that petitioners are entitled to an additional depreciation deduction for 1994 for three chairs in the total amount of $56.02. Petitioners submitted several depreciation worksheets on which they recorded the information relevant to the claimed depreciation deductions for 1994. We find these worksheets reliable. With respect to the 5-year property, we allow depreciation deductions for the printer, computer, facsimile machine, typewriter, calculator, laptop computer, and monitor in the total amount of $1,226.05. We do not allow deductions for the fan or the television. With respect to the 7-year property, we allow depreciation deductions for the desk, computer desk, book cases, drawing desk, and carpeting in the total amount of $485.65. We do not allow deductions for the other items of 7-year property listed on the worksheet, other than for the three chairs as conceded by respondent. We also allow depreciation deductions for petitioner's library in the

total amount of $1,315.41.  We hold that petitioners are entitled to depreciation deductions for 1993 and 1994 in the total amounts of $522 and $6,810, respectively.

<u>Insurance for 1993 and 1994</u>

Petitioners claimed insurance expense deductions for 1993 and 1994 for amounts paid for their automobile insurance policies.  However, petitioners claimed and we have held that they are entitled to deductions for car and truck expenses based on the business standard mileage rates for 1993 and 1994, which are claimed in lieu of operating and fixed costs such as gasoline, oil, depreciation, maintenance and repairs, <u>insurance</u>, and registration fees.  See Rev. Proc. 93-51, sec. 5.03, 1993-2 C.B. 593, 594; Rev. Proc. 92-104, sec. 5.03, 1992-2 C.B. 583, 585.  Accordingly, we hold that petitioners are not entitled to any insurance expense deductions for 1993 and 1994.

<u>Interest for 1993 and 1994</u>

The parties stipulated that petitioners are entitled to deductions for interest paid during 1993 and 1994 on amounts borrowed to purchase the condominium unit.  Petitioners presented no evidence that they paid any deductible business interest during 1993 and 1994 other than the stipulated amounts.  We hold that petitioners are entitled to interest expense deductions for 1993 and 1994 in the amounts of $528 and $4,529, respectively.

Legal Services for 1993

The legal services claimed by petitioners for 1993 were part of the settlement costs of the purchase of their condominium unit. These legal services constitute a capital expenditure which is added to petitioners' cost basis in the condominium unit. To the extent the condominium unit is used for business purposes, a portion of these legal services is deductible as part of the depreciation deductions for the condominium unit. We hold that petitioners are not entitled to any deduction for 1993 for legal services.

Office Expense for 1993 and 1994

We find petitioners' records of their office expenses for 1993 reliable. For 1994, respondent disallowed only the portion of the claimed office expense deduction which was claimed for a computer monitor. This item was also claimed by petitioners on one of their depreciation worksheets. Based on the record, we sustain petitioners' claimed deduction for 1993 and respondent's disallowance for 1994. We hold that petitioners are entitled to office expense deductions for 1993 and 1994 in the amounts of $1,487 and $845, respectively.

Rent or Lease of Business Property for 1993 and 1994

The parties have agreed that the amounts allowed and conceded by respondent for 1993 and 1994 with respect to the claimed rental expenses represent petitioners' condominium

owners' association fees, which are more accurately described and deducted as commissions and fees. We therefore hold that petitioners are not entitled to any deductions for 1993 and 1994 for the rental or lease of business property. In accordance with the parties' stipulations, we hold that petitioners are entitled to deductions for 1993 and 1994 for commissions and fees in the amounts of $383 and $2,815, respectively.

Repairs & Maintenance for 1993 and 1994

We find that petitioners paid for a number of repairs to petitioner's home office during 1993 and 1994. After examining the records of the costs of such repairs, we hold that petitioners are entitled to deductions for 1993 and 1994 for repairs and maintenance in the total amounts of $2,087 and $1,168, respectively.

Supplies for 1993 and 1994

For 1993 and 1994, petitioners claimed deductions for supplies in the amounts of $490.84 and $250.18, respectively. Respondent conceded $32.15 of the amount claimed for 1993. We find petitioners' records of the supplies purchased during 1993 and 1994 reliable. We hold that petitioners are entitled to deductions for 1993 and 1994 for supplies in the total amounts of $491 and $250, respectively.

Taxes & Licenses for 1993 and 1994

For 1993, the parties stipulated that petitioners are entitled to a deduction in the amount of $976.89 for taxes paid on their condominium unit. For 1994, respondent allowed petitioners a deduction in the amount of $1,680.88 for taxes paid on their condominium unit. Petitioners did not dispute these amounts at trial. Petitioner also produced a check which shows that he paid $20 for his professional engineering license during 1994. We therefore hold that petitioners are entitled to deductions for 1993 and 1994 for taxes and licenses in the amounts of $977 and $1,701, respectively.

Travel for 1993 and 1994

Petitioner traveled to Korea for business purposes during 1993 and 1994. We find that petitioners have substantiated only the costs of petitioner's airfares to and from Korea. We find that petitioner's testimony and supporting records with respect to his other claimed travel expenses do not meet the substantiation requirements of section 274(d). We hold that petitioners are entitled to deductions for 1993 and 1994 for travel expenses in the amounts of $1,172 and $820, respectively.

Meals and Entertainment for 1993 and 1994

We find that petitioners have failed to substantiate the meals and entertainment expenses claimed for 1993 and 1994. We

hold that petitioners are not entitled to any deductions for meals and entertainment expenses for 1993 and 1994.

## Utilities for 1993 and 1994

For 1993, the parties stipulated that petitioners are entitled to a utility expense deduction in the amount of $351.67 for telephone expenses. Based on the record, we conclude that petitioners are entitled to a utility expense deduction for their other utilities for 1993 in the amount of $500. For 1994, the parties stipulated that petitioners are entitled to deductions for telephone expenses in the amount of $225.74 and gas and electric expenses in the amount of $254.71. We hold that petitioners are entitled to deductions for 1993 and 1994 for utility expenses in the total amounts of $852 and $480, respectively.

## Employee Business Expenses for 1993

Petitioners argue that petitioner wife's claimed employee business expenses should have been claimed as additional Schedule C trade or business expenses of ADE. Petitioner generally testified that petitioner wife visited several locations to look for potential clients and to buy materials for ADE. Petitioner wife did not testify with respect to her activities on behalf of ADE. Petitioners' records of these expenses show the names of towns and cities which petitioner wife visited but not the business purpose of the listed trips. Based on the record, we

find that petitioners have failed to substantiate the business purpose of petitioner wife's claimed expenses. We hold that petitioners are not entitled to any deductions for 1993 for petitioner wife's claimed expenses.

The second issue for decision is whether petitioners are entitled to a medical expense deduction for 1993 in excess of the amounts allowed and conceded by respondent.

On a Schedule A attached to their 1993 return, petitioners claimed medical expenses in the amount of $10,668.36. After accounting for the section 213(a) limitation, petitioners claimed a medical expense deduction for 1993 in the amount of $7,032.51. In the statutory notice of deficiency, respondent determined that petitioners did not establish that they paid more than $8,978 for medical expenses during 1993. Respondent allowed petitioners a medical expense deduction in the amount of $3,724, after accounting for his adjustments to their adjusted gross income and the section 213(a) limitation.[3] At trial, respondent conceded that petitioners are entitled to deduct an additional $20 of medical expenses. This concession leaves $1,670.36 of the claimed medical expenses in issue, which approximates the amount

---

[3] Respondent's adjustments to petitioners' medical expense deductions for 1993 and 1994, to the extent based on his adjustments to petitioners' adjusted gross income and sec. 213 limitations for 1993 and 1994, are computational and will be resolved by the Court's holding on the first issue in this case.

claimed by petitioners and disallowed by respondent for certain acupuncture treatments.

Section 213(a) allows as a deduction the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent, to the extent that such expenses exceed 7.5 percent of adjusted gross income. Medical care includes amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body. See sec. 213(d)(1)(A). Medical care also includes amounts paid for transportation primarily for and essential to medical care listed above. See sec. 213(d)(1)(B).

Petitioner testified that he received acupuncture treatments to relieve nerve pain in his neck and back while in Korea from May 27, 1993, to July 2, 1993, Petitioner's 1993 weekly minder, which he used while in Korea, has 12 entries for acupuncture treatments in June 1993. Petitioner testified that he paid $120 for each of the 12 acupuncture treatments and approximately $20 for transportation to and from such treatments.

We find petitioner's testimony with respect to his acupuncture treatments credible. We hold that petitioners are entitled to a deduction for 1993 for the medical expenses claimed on their 1993 return to the extent that such expenses exceed the section 213(a) limitation.

The third issue for decision is whether petitioners are liable for the section 6662(a) accuracy-related penalties for 1993 and 1994.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations. See sec. 6662(b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. It also includes any failure to keep adequate books and records or to substantiate items properly. See sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. See sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

Section 6664(c)(1), however, provides that the section 6662(a) penalty shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion of the underpayment and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and

circumstances.  See sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year.  See id.

Based on the record, we find that petitioners have proved that their underpayments were due to reasonable cause and that they acted in good faith.  Petitioners were able to substantiate most of the expenses claimed on their returns and disallowed by respondent.  We hold that petitioners are not liable for the section 6662(a) accuracy-related penalties for 1993 and 1994.

To reflect the foregoing,

Decision will be entered under Rule 155.